United States District Court
Southern District of Texas
**ENTERED**
May 29, 2026
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| YANELIS PRADES-BRAVO, | § | CIVIL ACTION NUMBER |
| Petitioner, | § | 4:26-cv-03883 |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| MARKWAYNE MULLIN, | § | |
| *et al*, | § | |
| Respondents. | § | |

### ORDER ON DISMISSAL

Petitioner Yanelis Prades-Bravo filed a petition for writ of *habeas corpus* under 28 USC §2241 on May 14, 2026. Dkt 1. She acknowledges illegal entry into the United States at a prior date but nonetheless asserts that her present detention under 8 USC §1225(b), after having been previously detained and released on her own recognizance pursuant to 8 USC §1226(a), violates the Due Process Clause of the Fifth Amendment and the *Accardi* doctrine while also being somehow *ultra vires*. Id at ¶¶17, 41–63.

Prior order noted that the petition may raise only issues resolved by the Fifth Circuit's decision in *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026), and prior decisions by the undersigned. See Dkt 7 at 1–2. Even so, the Government was ordered to show cause with a filing establishing the propriety of Petitioner's continued detention. Id at 2.

Pending also is a motion by the Government to dismiss or, alternatively, for summary judgment. Dkt 9. It maintains that no bond hearing is required because Petitioner is subject to mandatory detention under 8 USC

§1225(b)(2)(A). Id at 5–6. It further contends that each of Petitioner's arguments fails on the merits. Id at 6–15.

Petitioner on reply maintains that her re-detention following prior release on supervision without an individualized custody determination violates due process and that her other claims also merit her immediate release. See Dkt 10 at 2–11.

As noted in prior order, the Fifth Circuit has issued a controlling decision in *Buenrostro-Mendez*. In sum, it holds that anyone present in the United States without legal admission is both an "applicant for admission" and deemed to be "seeking admission," and that all such persons are thus subject to mandatory detention under 8 USC §1225(b)(2)(A). See 166 F4th at 502–08.

The undersigned has also determined a number of other issues since the Fifth Circuit decided *Buenrostro-Mendez*. For example, see:

- *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex): Holding that procedural due process doesn't require an individualized custody determination beyond the mandate of 8 USC §1225(b)(2)(A).

- *Herrera Estrada v Thompson,* 4:26-cv-01238 (SD Tex, Apr 27, 2026): Holding that pre-removal-order detention authorized by 8 USC §1225(b)(2)(A) doesn't violate substantive due process while deportation proceedings are pending even when it exceeds the six-month period set out in *Zadvydas v Davis*, 533 US 678 (2001), as to post-removal-order detention.

- *Marcelo-Aguila v Noem*, 2026 WL 936337 (SD Tex): Holding that prior release on supervision under §1226(a) doesn't constrain the Government's authority to detain an applicant for admission under §1225(b)(2)(A) without individualized custody determination.

- *Diakite v Frink*, 4:26-cv-2752 (SD Tex, May 27, 2026): Holding that revocation of prior release

under §1226(a) doesn't require a showing of materially changed circumstances, given that §1226(b) permits such revocation "at any time" and 1226(e) limits judicial review of such determinations.

o  *Llanes Carnesolta v Tate*, 2026 WL 948727 (SD Tex): Holding that claims under the *Accardi* doctrine as to lawfulness of arrest fail because an illegal arrest has no bearing on the legality of detention following arrest.

The arguments presented in the petition and reply brief raise only issues resolved to the contrary in the decisions cited above. Petitioner thus hasn't established that her current detention violates either the Constitution or federal law.

The motion by the Government for summary judgment is GRANTED. Dkt 9.

The petition for writ of *habeas corpus* by Petitioner Yanelis Prades-Bravo is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

SO ORDERED.

Signed on ___May 29, 2026___ , at Houston, Texas.

_____
Honorable Charles Eskridge
United States District Judge

3